# Exhibit 12

Form 1                                                                 Front sheet

**FDN**

**IN THE SUPREME COURT OF SOUTH AUSTRALIA**

**IN THE CIVIL JURISDICTION**

**SCCIV    of**

**DUPLICATE**

RECEIVED
0 4 OCT 2016
REGISTRY
SUPREME COURT

**BETWEEN**

**GLOBAL EQUITY MANAGEMENT (SA) PTY LTD**
Plaintiff

and

Let this application be heard in the Chambers of Judge / Justice Bochner on the 5th day of October 2016 at 12:00 am/pm

**ELECTRONIC FRONTIER FOUNDATION**
Defendant

---

**INTERLOCUTORY APPLICATION**

---

Filed on behalf of the Plaintiff,         Conatur Legal
GLOBAL EQUITY MANAGEMENT         1026 South Road
(SA) PTY LTD by                                   Edwardstown SA 5039

Telephone: 08 8177 2043
Mobile:
Facsimile:   08 8177 2049

Email:        info@conatur.com.au

'L' Code:   L2529
'P' Code:   P11257

Settled by: Sean Richter



Date and time of filing or transmission:

Current to 1 October 2014

Form 26

Rule 131(1)
Interlocutory application

## INTERLOCUTORY APPLICATION

TO THE DEFENDANT: ELECTRONIC FRONTIER FOUNDATION of 815 Eddy Street, San Francisco CA 94109 USA.

**Application**

THE PLAINTIFF, GLOBAL EQUITY MANAGEMENT (SA) PTY LTD seeks the following orders or directions:

1. That the Defendant immediately remove the article titled 'Stupid Patent of the Month: Storage Cabinets on a Computer' referred to in paragraph 5 of the Affidavit of Schumann Rafizadeh, from publication.

2. That the Defendant be restrained from publishing, selling, or otherwise disseminating the article titled 'Stupid Patent of the Month: Storage Cabinets on a Computer' and referred to in paragraph 5 of the Affidavit of Schumann Rafizadeh.

3. That until further order the Defendant be restrained from publishing any content with respect to the Plaintiff's intellectual property.

4. In the alternative to the 3rd order sought, that the Defendant be restrained from publishing any content with respect to the intellectual property referred to in paragraph 4 of the Affidavit of Schumann Rafizadeh.

5. That this action be heard as a matter of urgency and made specially returnable.

6. That the Defendant pay costs of the application.



**Endorsements**

Application issued pursuant to Rule 131 & 119 of the *Supreme Court Civil Rules 2006.*

**Hearing**

You will be notified separately of the time and place of the hearing of the application.

Date:   30/9/16

_____
Signed by Pasha Iranmehr

Plaintiff's Solicitor



Form 1

Front sheet

**FDN**

IN THE SUPREME COURT OF SOUTH AUSTRALIA
IN THE CIVIL JURISDICTION
SCCIV ~~of~~ 16 - 1280

**DUPLICATE**



BETWEEN

GLOBAL EQUITY MANAGEMENT (SA) PTY LTD
Plaintiff

and

ELECTRONIC FRONTIER FOUNDATION
Defendant

## SUMMONS

Filed on behalf of the Plaintiff,
GLOBAL EQUITY MANAGEMENT
(SA) PTY LTD by

Conatur Legal
1026 South Road
Edwardstown SA 5039

Telephone:  08 8177 2043
Mobile:
Facsimile:  08 8177 2049

Email:   info@conatur.com.au

'L' Code:  L2529
'P' Code:  P11257

Settled by:

Date and time of filing or transmission:

Current to 1 October 2014

Form 6

Rules 34(3), 119 and 204(2)
Summons—specific hearing date

# SUMMONS

TO THE DEFENDANT: ELECTRONIC FRONTIER FOUNDATION of 815 Eddy Street, San Francisco CA 94109 USA c/- King & Wood Mallesons, Level 33 Waterfront Place, 1 Eagle Street, Brisbane QLD 4000 Australia.

THE PLAINTIFF, GLOBAL EQUITY MANAGEMENT (SA) PTY LTD makes a claim against you or which may affect you. Details of the claim and relief sought are contained in the accompanying Affidavit.

**Action required**

The Court will hear the application for relief, or make orders for the conduct of the proceeding, at the time and place stated below. If you or your lawyer do not attend, the Court may make orders in your absence and without further notice.

You must file a Notice of Address for Service before attending Court or taking any other step in the proceeding.

The Notice of Address for Service must be filed at a Registry of the Court. If you do not have a solicitor, you may attend personally at a Registry to do this. A list of the Registry addresses may be obtained through the website of the Courts Administration Authority (www.courts.sa.gov.au) or by telephoning the Registry of the Court (8204 0289).

**Hearing**

The application will be heard before...Judge Bochner... in the Supreme Court of South Australia, 1 Gouger Street, Adelaide on...5-10-16...at 12:00pm... or so soon afterwards as the business of the Court allows.

The courtroom in which the application will be heard will be published:
- on the Courts Administration Authority website the day before;
- in the Advertiser on the day; and
- on the notice board at the Courts Building.

### Endorsements

This Summons has the following endorsements under Rules 34, 119 and 204 of the *Supreme Court Civil Rules 2006*.

### Orders sought

On the grounds stated in the accompanying Affidavit, the plaintiff seeks the following orders:

1. That the Defendant immediately remove the article titled 'Stupid Patent of the Month: Storage Cabinets on a Computer' referred to in paragraph 5 of the Affidavit of Schumann Rafizadeh from publication.

2. That the Defendant be restrained from publishing, selling, or otherwise disseminating with the article titled 'Stupid Patent of the Month: Storage Cabinets on a Computer' referred to in paragraph 5 of the Affidavit of Schumann Rafizadeh.

3. That until further order the Defendant be restrained from publishing any content with respect to the Plaintiff's intellectual property.

4. In the alternative to the 3rd order sought, that the Defendant be restrained from publishing any content with respect to the intellectual property referred to in paragraph 4 of the Affidavit of Schumann Rafizadeh.

5. That this action be heard as a matter of urgency and made specially returnable.

6. That the Defendant pay costs of the application.



Current to 1 October 2014

**Accompanying documents**

This summons must be accompanied by an affidavit stating the material facts on which the claim for relief is based.

**Plaintiff's address**

The plaintiff's address for service is: **1026 South Road, Edwardstown SA 5039**

Place: **Conatur Legal**

Email: **info@conatur.com.au**

The plaintiff's address is: **458 Morphett Road, Warradale SA 5046**

Date: 30/9/16

_____
Signed by Pasha Iranmehr
Plaintiff's solicitor

**Notes**

1. If the full name of a party is not known the summons may be endorsed as follows:

    "Any better full name of the (*role of the party*) is not known, and not reasonably ascertainable by, the plaintiff"

2. If the plaintiff intends to apply for an authorisation under rule 81 the summons is to bear the following endorsement under rule 81(2):

    "The plaintiff brings this action as representative of a group of which each member has a common interest being (*set out question of law or fact in which there is a common interest*) and intends to apply for the necessary authorisation under rule 81."

3. As to other endorsements which may be required on a summons see rule 38(3)(a).



Form 1
(section 16)

*Service and Execution of Process Act 1992*

# Notice to defendant[1]

Please read this notice and the attached document very carefully

If you have any trouble understanding them you should get legal advice as soon as possible

Attached to this notice is a Summons ("the attached process") issued out of the Supreme Court of South Australia.

Service of the attached process outside South Australia is authorised by the *Service and Execution of Process Act 1992*.

## Your rights

If a court of a State or Territory other than South Australia is the appropriate court to determine the claim against you set out in the attached process, you may be able to have the proceeding stayed by applying to the Supreme Court of South Australia.

If you think the proceeding should be stayed or transferred you should get legal advice as soon as possible.

## Contesting this claim

If you want to contest this claim, you must take any action set out in the attached process as being necessary to contest the claim.

[2]If you want to contest this claim, you must also file an appearance[3] in the Supreme Court of Austraslia . You have only 21[4] days after receiving the attached process to do so.

---

[1] If the person to be served is not described in the process as a "defendant" substitute the correct description.
[2] If the defendant need not enter an appearance (as defined in section 14 of the Act) in order to contest the claim, omit this paragraph and the remainder of the form.
[3] If the document that must be filed is not called an appearance, substitute the correct name.
[4] If the issuing court has allowed a shorter period than 21 days for filing an appearance, substitute that shorter period and disregard the next paragraph.

If the law of the State or Territory of issue would allow a longer period than 21 days for filing an appearance in the case of service within the State or Territory, substitute that longer period. If that law would allow different periods for service within the State or Territory, depending on the place of service, and at least one of those periods would be longer than 21 days, substitute the longest of those periods.

*NB: This note is a summary, for guidance only, of subsections 17(1) and (1A) of the Act. The applicable period under those provisions must be stated.*

The appearance[5] must contain

- [5]an address in Australia where documents can be left for you or sent to you.

- [6]your address.

---

[5] Omit if appearance is not required to set out an address for service.
[6] Omit if appearance is required to set out an address for service.