# Exhibit 13



RECEIVED
0 4 OCT 2016
REGISTRY
SUPREME COURT

Form 1
Front sheet

**FDN**

**IN THE SUPREME COURT OF SOUTH AUSTRALIA**
**IN THE CIVIL JURISDICTION**
**SCCIV    of**

**BETWEEN**

**GLOBAL EQUITY MANAGEMENT (SA) PTY LTD**
Plaintiff

and

**ELECTRONIC FRONTIER FOUNDATION**
Defendant

---

### AFFIDAVIT OF SCHUMANN RAFIZADEH

---

| | |
|---|---|
| Filed on behalf of the Plaintiff, GLOBAL EQUITY MANAGEMENT (SA) PTY LTD by | Conatur Legal<br>1026 South Road<br>Edwardstown SA 5039<br><br>Telephone: 08 8177 2043<br>Mobile:<br>Facsimile: 08 8177 2049<br><br>Email:    info@conatur.com.au<br><br>'L' Code:   L2529<br>'P' Code:   P11257 |

Settled by: Sean Richter

Date and time of filing or transmission:

Form 33

Rule 162

Affidavit

## AFFIDAVIT

I SCHUMANN RAFIZADEH of c/- 59 Gully Road, Seacliff Park 5049, Technology Inventor and Director SWEAR ON OATH THAT:

1. The Plaintiff, Global Equity Management (SA) Pty Ltd ABN 38 139 354 340 (**"GEMSA"**) is a company listed under the Corporations Act 2001 (*Cth*) and is a legal person capable of suing and being sued in its own name and resident in the State of South Australia+-.

2. GEMSA is an asset management company engaged in investing in technology and innovation and hi-tech jobs creation in South Australia. A copy of the Company search extract is exhibited hereto and marked with the letters '**SR1**'. A copy of GEMSA's website (http://www.gemsa.com.au) is exhibited hereto and marked with the letters '**SR2**'.

3. I am the Director and Shareholder of the Plaintiff. A current copy of my Resume is exhibited hereto and marked with the letters '**SR3**'.

4. I am the inventor of US Patent No. 6,690,400 as part of a portfolio of patents that also includes US 7356677 and US 6401183 relating to virtualization technology. A copy of the Granting of the Patent is exhibited hereto and marked with the letters '**SR4**'.

5. On 17 August 2016 I came to find the article titled '*Stupid Patent of the Month: Storage Cabinets on a Computer*' written by Daniel Nazer , which was published on 30 June, 2016 by the Defendant through its website '*Electronic Frontier Foundation- Defending Your Rights in the Digital World.*' (https://www.eff.org/deeplinks/2016/06/stupid-patent-month-storage-

30/09/2016

**PASHA IRANMEHR**
A Commissioner for taking oaths & affidavits in the
Supreme Court of South Australia

cabinets-computer) ("**the Article**"). A copy of the Article is exhibited hereto and marked with the letters '**SR5**'.

6. On or about 17 August 2016, I visited the 'EFF.ORG' website and read the article. I was immediately hurt and insulted as I am the inventor of the referenced patent and a director of 'GEMSA'.

7. This article is damaging to GEMSA's reputation and credibility. There is currently litigation on foot in the Federal Court for Eastern District of Texas relating to a patent dispute in relation to this patent. The article is prejudicial to that pending patent dispute.

8. On or about 17 August 2016 I consulted with GEMSA's U.S. based legal team Ramey & Schwaller who advised me to retain representation in Australia.

9. On or about 26 August 2016 I instructed Conatur Legal to write to EFF.ORG and request immediate withdrawal of the damaging article published on the World Wide Web. A copy of their letter dated 26 August 2016 is exhibited hereto and marked with the letters '**SR6**'.

10. On 13 September 2016 I received a responding letter from King & Wood Mallesons solicitors representing the Defendant. A copy of their letter dated 3 August 2016 is exhibited hereto and marked with the letters '**SR7**'.

11. I am concerned that if the article is not immediately removed from EFF.ORG, and the defendant otherwise publishes or broadcasts the statements, GEMSA will sustain irreparable damage to its reputation and credibility. The article's continued publication and circulation through various common web search engines and other such websites is continuing to damage the reputation and credibility of GEMSA, which it critically relies upon for its negotiations and ongoing discussions for the licensing arrangements and our Intellectual Property (IP), including the referenced patent.

30/09/2016

**PASHA IRANMEHR**
A Commissioner for taking oaths & affidavits in the Supreme Court of South Australia

12. Additionally, if the article is not taken down immediately, many potential future licensees are likely to be discouraged from entering licensing agreements or negotiating in good faith for the product which is referred to in the article. Furthermore, the article is prejudicial to the potential for resolving the current litigation in the US.

13. Finally, the continued publication and dissemination of the article is affecting GEMSA's global development. The article discourages innovation, and this in turn may have an ongoing adverse impact upon the growth of GEMSA as a South Australian company which seeks to create a surplus of hi-tech employment opportunities in the Australian sector.

14. At this point in time it would difficult to quantify precise extent of any losses sustained consequent to the publication of the article. In order to limit the extent of such losses, it is necessary that the article be removed from the World Wide Web immediately.

15. In the circumstances, I respectfully request that this action be heard as a matter of urgency, be made especially returnable, and that order be granted in terms of the interlocutory application filed herewith.

30/09/2016

**PASHA IRANMEHR**
A Commissioner for taking oaths & affidavits in the
Supreme Court of South Australia

16. I know the facts deposed to herein of my own information, knowledge and belief except where otherwise appears.

SWORN

by the above named deponent

at EDWARDSTOWN on 30th Sept / 2016

SCHUMANN RAFIZADEH, DIRECTOR

Before me:

**PASHA IRANMEHR**
A Commissioner for taking oaths & affidavits in the Supreme Court of South Australia

1026 South Road

EDWARDSTOWN SA 5039

Note

The jurat must –

(a) be signed by all deponents;

(b) be completed and signed by the person before whom the affidavit was sworn whose name and qualification must be printed beneath his or her signature;

(c) contain the full address of the person before whom the affidavit was sworn; and

(d) follow immediately on from the text and not be put on a separate page.

Form 1                                                             Front sheet

**FDN**

**IN THE SUPREME COURT OF SOUTH AUSTRALIA**

**IN THE CIVIL JURISDICTION**

**SCCIV**    of

**BETWEEN**

**GLOBAL EQUITY MANAGMENT (SA) PTY LTD**

Plaintiff

and

**ELECTRONIC FRONTIER FOUNDATION**

Defendant

---

## EXHIBITS TO AFFIDAVIT OF SCHUMANN RAFIZADEH

These are the exhibits marked "**SR1 to SR7**" referred to in the affidavit of Schumann Rafizadeh sworn this 30th day of September 2016.

Before me:

PASHA IRANMEHR.
A Commissioner for taking oaths
and affidavits in the Supreme
Court of South Australia

_____ 30/9/16.

Form 1            Front sheet

**FDN**

**IN THE SUPREME COURT OF SOUTH AUSTRALIA**

**IN THE CIVIL JURISDICTION**

**SCCIV** of

**BETWEEN**

**GLOBAL EQUITY MANAGMENT (SA) PTY LTD**
Plaintiff

and

**ELECTRONIC FRONTIER FOUNDATION**
Defendant

## INDEX TO EXHIBITS

| Tab No. | Exhibit | Page No. |
|:---:|:---|:---:|
| 1 | SR1 | 1-4 |
| 2 | SR2 | 5 |
| 3 | SR3 | 6-10 |
| 4 | SR4 | 11-34 |
| 5 | SR5 | 35-37 |
| 6 | SR6 | 38 |
| 7 | SR7 | 39-40 |