# Exhibit 14

Form 1                                                                                                Front sheet

**FDN**

**IN THE SUPREME COURT OF SOUTH AUSTRALIA**

**IN THE CIVIL JURISDICTION**

**SCCIV    of**

**BETWEEN**

**GLOBAL EQUITY MANAGEMENT (SA) PTY LTD**

Plaintiff

and

**ELECTRONIC FRONTIER FOUNDATION**

Defendant

---

## STATEMENT OF CLAIM

---

Filed on behalf of the Plaintiff,       Conatur Legal
GLOBAL EQUITY MANAGEMENT       1026 South Road
(SA) PTY LTD by       Edwardstown SA 5039

                                                 Telephone: 08 8177 2043
                                                 Mobile:
                                                 Facsimile: 08 8177 2049

                                                 Email:      info@conatur.com.au

                                                 'L' Code:   L2529
                                                 'P' Code:   P11257

Settled by:

Date and time of filing or transmission:

---

Current to 1 October 2014

Rules 91, 98 and 99
Form 18

## STATEMENT OF CLAIM

### Introduction

The causes of action, the basis of them and the material facts are: -

### Part 1: Background and Uncontroversial Matters

### Plaintiff's Business

1. At all material times the Plaintiff, Global Equity Management (SA) Pty Ltd:-

    1.1. Is a company duly incorporated in said State of South Australia listed under the Corporations Act 2001 (Cth).
    1.2. Is capable of suing and being sued in its own name and resident in the State of South Australia.
    1.3. Was incorporated on 9 September 2009.
    1.4. Supplies services in trade or commerce within the meaning of Section 60 of Schedule 2 of the Competition and Consumer Act (2010) (**"the Act"**).
    1.5. Is a company focused on the development of world class innovations and development for virtualization and visualisation products in Australia, China and the Unites States of America.
    1.6. Is the owner of US Patent No. 6,690,400 as part of a portfolio of patents that also includes US 7356677 and US 6401183 relating to virtualization technology.

### Defendant's Business

2. At all material times the Defendant, Electronic Frontier Foundation: -

2.1. Was a registered American corporation organised and existing under the laws of the State of California in the Unites States.
2.2. Was capable of suing and being sued in its own name and resident in the State of California in the United States.
2.3. Was incorporated on 7 July 2003.
2.4. Has conducted a non-profit business, the activities of which includes the publication of online material in relation to digital innovation and technologies. The Defendant conducts this business at 815 Eddy Street, San Francisco, California 94109 USA.

**Part 2: Basis of causes of action and other material matters**

**World Wide Web Article**

1. On 30 June 2016 an article was electronically printed on the World Wide Web titled *'Stupid Patent of the Month Storage Cabinets on a Computer'* written by Daniel Nazer and published by the Defendant through its website *'Electronic Frontier Foundation – Defending Your Rights in the Digital World.'* (https://www.eff.org/deeplinks/2016/06/stupid-patent-month-storage-cabinets-computer) ("**the Article**").

2. The article says:
   2.1. *'Stupid Patent of the Month: Storage Cabinets on a Computer*

   *How do you store your paper files? Perhaps you leave them scattered on your desk or piled on the floor. If you're more organized, you might keep them in a cabinet. This month's stupid patent, US Patent No. 6,690,400 (the '400 patent), claims the idea of using "virtual cabinets" to graphically represent date storage and organization. While this is bad, the worse news is that the patent's owner is suing just about anyone who runs a website.*

   *The '400 patent is owned by Global Equity Management (SA) Pty. Ltd. ("GEMSA") which seems to be a classic patent troll. GEMSA is incorporated in Australia and appears to have no business other than patent litigation. The patent began its life with a company called Flash VOS. This company once*

*offered a product that allowed users to run multiple operating systems on personal computers with x86-compatible processors. The '400 patent describes a graphical user interface for this system. The interface allows users to interact with "graphical depictions of cabinets" that represent memory partitions and different operating systems.*

*GEMSA says that Flash VOS moved the computer industry a "quantum leap forwarded in the late 90's when it invented Systems Virtualization." But Flash VOS didn't invent partitions, didn't invent virtual machines, and didn't invent running multiple operating systems on a single computer. All of these concepts predate its patent application, some by decades. In any event, the '400 patent claims only a very specific, and in our view, quite mundane user interface.*

*Importantly, the '400 patent's claims require very specific structures. For example, claim 1 requires a "secondary storage partitions window" and "at least one visible cabinet representing a discrete operating system." A user interface must have all of these features to infringe the claim.*

*In the past year, GEMSA has sued dozens of companies, ranging from Airbnb to Zilllow. In each case, it makes the bare assertion that the defendant's website infringes the '400 patent. For example, it simply states that "AIRBNB maintains, controls and /or operates a website with a graphical user interface ("GUI") at www.airbnb.com that infringes one or more claims of the '400 patent."*

*GEMSA doesn't explain how Airbnb's website satisfies highly specific claim limitations like "a virtual cabinet representing a discrete operating system." In fact, the accused website bears almost no similarity to GEMSA's supposed invention.*

*As far as we can tell, GEMSA seems to think that anyone with a website that links to hosted content infringes its patent. Complaints with such sparse*

Current to 1 October 2014

> *implausible, infringement allegations should be thrown out immediately for failure to state a claim.*
>
> *There will be no prizes for guessing where GEMSA has filed its litigation. Every one of its cases was filed in the Eastern District of Texas, where we have long complained that local rules favour patent trolls like GEMSA. Venue reform legislation currently before Congress would stop trolls flocking to Eastern District of Texas. That might help reduce abusive patent trolling. But we still need broader patent reform to ensure that such weak patents don't lead to abusive troll litigation.*

**Representations**

3. By their conduct in the Article the Defendant represented to the viewers of its website published on the World Wide Web, and to the public at large that:
    3.1. The Plaintiff's patent is "Stupid" ("the First Representation")
    3.2. The Plaintiff's patent has claimed the idea of using virtual cabinets to graphically represent data storage and organisation. ("the Second Representation")
    3.3. The Plaintiff is suing anyone who runs a website. ("the Third Representation")
    3.4. The Plaintiff is a classic patent troll. ("the Fourth Representation")
    3.5. The Plaintiff once offered a product that allowed its users to run multiple operating systems on personal computers with x86-compatible processors. ("the Fifth Representation")
    3.6. The Plaintiff's product 'Flash VOS' did not invent partitions, did not invent virtual machines and did not invent running multiple operating systems on a single computer. ("the Sixth Representation")
    3.7. The Plaintiff's patent's claims require very specific structures, namely a 'secondary storage partitions window' and "at least one visible cabinet representing a discrete operating system. ("the Seventh Representation")
    3.8. The Plaintiff seems to think that anyone with a website that links to hosted content infringes its patent. ("the Eighth Representation").
    3.9. That the Plaintiff issued patent claims in the Eastern District of Texas because local rules favour patent trolls. ("the Ninth Representation").

4. The Defendant in making the First Representation, the Second Representation, the Third Representation, the Fourth Representation, the Fifth Representation, the Sixth Representation, the Seventh Representation, the Eighth Representation and the Ninth Representation (collectively "the Representations") in each case engaged in trade of commerce in that the Defendant made the Representations:

   4.1. In the course of conducting of the Defendant's business;

   4.2. In the course of the article published on 30 June 2016 by Daniel Nazer;

   4.3. In respect of the patent offered for sale and licensing by the Plaintiff in the normal course of its business.

5. The Defendant in making the Representations in each case engaged in conduct that was misleading or deceptive or likely to mislead or deceive in contravention of Section 18 of the Act.

**Particulars**

6. The First Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the First Representation and the Patent is not in fact 'stupid'.

7. The Second Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Second Representation in that it does not accurately depict the complexities involved with the Patent.

8. The Third Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Third Representation and the Plaintiff does not in fact sue anyone who runs a website.

9. The Fourth Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Fourth Representation and the Plaintiff is not in fact a 'classic patent troll'.

10. The Fifth Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Fifth Representation and it does accurately portray the complexities and uses involved with its product.

11. The Sixth Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Sixth Representation.
12. The Seventh Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Seventh Representation.
13. The Eighth Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Eighth Representation,
14. The Ninth Representation was misleading or deceptive or likely to mislead or deceive in that the Defendant did not have reasonable grounds for making the Ninth Representation.
15. Further and in the alternative the Representations were misleading or deceptive or likely to mislead or deceive in that the Defendant had a commercial interest in discussing the patent which interest they failed to disclose. The plaintiff is unable to provide further particulars until the defendant makes full discovery.

**Misleading and Deceptive Conduct**

16. Plaintiff refers to and repeats any one or combination of the Representations pleaded in paragraphs 3 to 15, and say that the making of the said representations by the Defendant:
    16.1. Constituted conduct in the course of trade and/or commerce;
    16.2. Constituted conduct that was misleading and deceptive or likely to mislead and deceive the public; and
    16.3. Amounted to conduct in contravention of Section 18 of Schedule 2 of the Act.

**Negligent Misstatement of Fact**

17. Further or in the alternative to paragraphs 16, the Plaintiff refers to and repeats any one or combination of the Representations pleaded in paragraph 3 to 15, and say that the making of the said representations by the Defendant:
    17.1. Were made in course of business, trade or commerce;
    17.2. Were made in circumstances where the Defendant owed a duty of care to the Plaintiff not to make statements that were careless or untrue; and
    17.3. Amounted to negligent misstatements of fact at common law.

18. As a consequence of the matters pleaded in paragraphs 16-17 inclusive herein, the Plaintiff has suffered loss and damage.

**Part 3: Remedies and ancillary remedies**

19. The remedies sought are:
    19.1. Damages at Common Law for negligence;
    19.2. Damages and/or compensation pursuant to Sections 236 and/or 238 of the *Competition and Consumer Law 2010 (Cth);*
    19.3. Interest: and
    19.4. Costs

Date:

---

Signed by Pasha Iranmehr

Lawyer for the Plaintiff