# Exhibit 20



1760 Market Street
Suite 1001
Philadelphia, PA 19103
(215) 988-9778 | Phone
(215) 988-9750 | Fax

Michael Berry
(215) 988-9773
mberry@lskslaw.com

February 10, 2017

**VIA E-MAIL**

Pasha Mehr
Principal Solicitor
Conatur Legal
1026 South Road
Edwardstown, SA 5039
Australia
pasha@conatur.com.au

      Re:    **Correspondence to Electronic Frontier Foundation Dated January 20, 2017**

Dear Mr. Mehr:

      This firm serves as United States counsel for the Electronic Frontier Foundation ("EFF").  EFF has received the correspondence dated January 20, 2017, that you sent on behalf of Global Equity Management (SA) Pty Ltd. ("GEMSA") concerning EFF's June 30, 2016 commentary titled "Stupid Patent of the Month: Storage Cabinets on a Computer," an order entered by an Australian court in a proceeding initiated there by GEMSA, and GEMSA's demand that EFF pay it $750,000.

      Regardless of whether EFF was properly served in the Australian proceeding, whether the Australian court has jurisdiction over EFF, or whether that court is the appropriate venue to hear GEMSA's claims regarding speech concerning a United States patent and proceedings in United States federal courts (none of which EFF concedes), EFF will not be bullied into paying GEMSA, having its speech muzzled, or censoring itself.  The court's order, which runs contrary to longstanding United States law and the U.S. Constitution, is unenforceable.  Moreover, GEMSA's claims against EFF are baseless.  Among other things, EFF's commentary includes substantially true facts, protected opinion, and rhetorical hyperbole, and is privileged under the law and the First Amendment of the U.S. Constitution.

      EFF and its members are firmly committed to helping courts and policymakers strike the appropriate balance between the protection of intellectual property and the public interest in innovation.  To that end, EFF has consistently stood up for the right to innovate and promoted improvements to the patent system.  *See* https://www.eff.org/patent.  Those efforts include litigation, "friend of the court" briefs, and public education initiatives, including the "stupid



Pasha Mehr
February 10, 2017
Page 2

patent of the month" series that helps draw attention to what EFF sees as fundamental flaws in the patent system.

EFF's mission, however, extends beyond promoting innovation. EFF has worked for more than 25 years to defend and enhance rights and liberties in the digital world. *See* https://www.eff.org/about. It has dedicated itself to ensuring robust protections for freedom of expression, both as guaranteed by the First Amendment in the United States and as enshrined in the Universal Declaration of Human Rights.

GEMSA's attempts to silence EFF are not well taken. Indeed, if GEMSA seeks to enforce the Australian court's order, or if it continues the Australian proceeding and later seeks to enforce any judgment entered by that court, EFF will hold GEMSA accountable for its attorneys' fees. *E.g.*, 28 U.S.C. §§ 4102, 4105.

Finally, we note your correspondence's drawing EFF's attention to a "recent decision further establishing the legitimacy of [GEMSA's] patents as set down in the United District Court for the Eastern District of Texas." While we question the relevance of that decision to EFF's commentary, the correspondence appears to misapprehend the nature of that court's "claim construction" ruling, which merely concerned the interpretation of patent claim terms. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). In any event, as the public docketing system of the U.S. federal courts shows, many of the lawsuits GEMSA has filed in the Eastern District of Texas subsequently were stayed pending the resolution of an action in the Eastern District of Virginia "seeking a declaration of non-infringement and invalidity of the '400 . . . patent[]." *Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618, 2017 WL 365398, at *2, *10-11 (E.D. Tex. Jan. 25, 2017); *see also In re Global Equity Management (SA) Pty. Ltd.*, No. 2017-112 (Fed. Cir. Feb. 8, 2017) (denying GEMSA's petition for a writ of mandamus challenging the January 25, 2017 ruling by the court in the Eastern District of Texas).

We trust that GEMSA will not seek to take any further action with respect to EFF's commentary. Nevertheless, EFF reserves all of its rights, remedies, and defenses.

Sincerely,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: _____
Michael Berry