UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELECTRONIC FRONTIER FOUNDATION, Plaintiff, v. GLOBAL EQUITY MANAGEMENT (SA) PTY LTD, Defendant. | Case No. 17-cv-02053-MEJ <br><br>**ORDER VACATING HEARING; ORDER FOR SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. No. 14 |
|---|---|

A hearing on Plaintiff Electronic Frontier Foundation's ("EFF") Motion for Default Judgment is scheduled for September 7, 2017. *See* Mot., Dkt. No. 14. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court VACATES the September 7, 2017 hearing. The Court also ORDERS EFF to provide supplemental briefing on the following issues:

(1) The Supreme Court has held that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

EFF argues the Court has specific personal jurisdiction over Defendant Global Equity Management (SA) Pty Ltd ("GEMSA") because (1) "[i]t sent two letters to EFF's San Francisco offices, first threatening to sue and then threatening additional actions if EFF did not make a six-figure "damages" payment"; (2) "[i]t filed suit in Australia and successfully obtained an order that requires EFF to take actions in California to remove content from its website"; and (3) "it purported to serve the Injunction on EFF in San Francisco." Mot. at 7; *see* Compl. ¶ 8, Dkt. No. 1. EFF alleges GEMSA is an Australian corporation. Compl. ¶ 5. There are no allegations that

GEMSA has had other contacts with the state of California beyond its conduct directed toward EFF, and EFF does not address *Walden*. *See* Compl.; Mot. In light of *Walden*, on what grounds can the Court exercise personal jurisdiction over GEMSA?

(2) EFF does not address whether GEMSA was properly served. *See* Mot. "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

Both the United States and Australia are parties to the Hague Convention.[1] Process server Keith William Bruce-Cordon declares that on May 2, 2017, he served the Complaint, Summons, and other documents on "Mobin," an employee of United Accountants Group Pts Ltd. Aff. of Service ¶ 4, Dkt. No. 8; *see also id.* ¶ 3 ("According to Plaintiff's attorneys, GEMSA is located at c/o United Accountants Group Pty Ltd., 458 Morphett Road, Warradale, Southern Australia 5046, Australia[.]"). Bruce-Cordon declares that "Mobin declined to accept service on behalf of GEMSA"; Bruce Cordon nevertheless "laid the . . . documents on the counter at reception and advised [Mobin] that he was being served with legal process on behalf of [GEMSA]." *Id.* ¶ 4.

In light of Mobin's refusal to accept service on behalf of GEMSA, has GEMSA been served in accordance with the Hague Convention?

EFF's supplemental brief shall be no more than five pages and shall be filed by September 5, 2017.

**IT IS SO ORDERED.**

Dated: August 28, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] HCCH, *Status Table - 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Aug. 25, 2017).

2