Ashley I. Kissinger (No. 193693)
email: akissinger@lskslaw.com
Matthew E. Kelley (admitted *pro hac vice*)
Email: mkelley@lskslaw.com
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1888 Sherman Street, Suite 370
Denver, CO  80203
Phone: (303) 376-2407
Fax: (303) 376-2401

Duffy Carolan (No. 154988)
email: dcarolan@jassyvick.com
Kevin Vick (No. 220738)
email: kvick@jassyvick.com
JASSY VICK CAROLAN
601 Montgomery Street, Suite 850
San Francisco, CA  94111
Phone: (415) 539-3399
Fax: (415) 539-3394

*Attorneys for Plaintiff*
*Electronic Frontier Foundation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) |
|                   Plaintiff, | ) Case No. 3:17-CV-02053-MEJ |
| | ) |
| v. | ) **ELECTRONIC FRONTIER** |
| | ) **FOUNDATION'S** |
| GLOBAL EQUITY MANAGEMENT (SA) PTY | ) **SUPPLEMENTAL BRIEF IN** |
| LTD, | ) **SUPPORT OF MOTION FOR** |
| | ) **DEFAULT JUDGMENT** |
|                   Defendant. | ) |
| | ) |
| | ) **Hearing Date: N/A (hearing** |
| | ) **cancelled)** |

Pursuant to the Court's Order of August 28, 2017 (Dkt. No. 17), EFF states as follows:

## I.    This Court Has Personal Jurisdiction Over GEMSA

In *Walden v. Fiore*, the Supreme Court held that, in assessing personal jurisdiction, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself," not merely "the defendant's contacts with persons who reside there." 134 S. Ct. 1115, 1122 (2014); *see also id.* at 1123 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"). Thus, personal jurisdiction exists only "over defendants who have purposefully 'reach[ed] out beyond' their State and into" the forum state. *Id.* at 1122.

*Walden* was a *Bivens* action that two Nevada residents brought in federal court there after a law enforcement officer seized a large amount of cash from them at a Georgia airport. *Id.* at 1119. The Supreme Court held that federal courts in Nevada lacked personal jurisdiction over the officer, despite his knowledge that the plaintiffs were Nevadans who would suffer from the loss of their property in Nevada. *Id.* at 1124. Crucial to the Court's conclusion that the officer had no jurisdictionally relevant contacts with Nevada was the fact that he did not engage in any conduct touching Nevada and did not communicate with anyone there. *Id.* (he "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada"). The Ninth Circuit focused on the same types of contacts in a post-*Walden* ruling, holding that personal jurisdiction in California did not exist because the defendant committed the allegedly tortious acts that affected the California plaintiff "without entering California, contacting any person in California, or otherwise reaching out to California." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (from his residence in Michigan, defendant spoke to a person in Ohio that caused a Delaware corporation with offices in Ohio to cease making payments into trusts in Wyoming and Australia).

The jurisdictional facts presented in this case stand in marked contrast to the attenuated links offered by the plaintiffs in *Walden* and *Picot*. GEMSA reached out to California, communicated with people in California, and conducted activities within and affecting California. And it did so with the express goal of forcing EFF to suffer harm and take action in California that would enhance GEMSA's competitive standing vis-à-vis California-based companies. Specifically, GEMSA:

- Emailed EFF in California and threatened to file suit against EFF if it did not act in California to take down the Article and pay GEMSA unspecified "damages";

- Obtained a court injunction that requires EFF to act in California to take down the Article and to refrain from engaging in any speech whatsoever about GEMSA's "intellectual property" (speech that would be disseminated from California);

- Engaged an agent to physically present EFF with a copy of the injunction in California;

- Mailed a letter to EFF in California enclosing a copy of the injunction, threatening to enforce it, demanding that EFF take down the Article and pay GEMSA $750,000, and alluding to potential efforts to seek the deindexing of the Article (efforts that would require GEMSA to reach out to California-based search engines).

*See* Compl. ¶¶ 8, 19-34.[1]

These contacts between GEMSA and California well suffice to establish personal jurisdiction of this Court over GEMSA. The Court stated in *Walden* that "physical entry into the State—either by the defendant in person *or through an agent*, goods, *mail*, or some other means— is certainly a relevant contact." 134 S. Ct. at 1122 (emphasis added). GEMSA made several such contacts with California, and in *Walden*, the Court expressly allowed that these kinds of contacts could establish a meaningful connection with the forum. The Court emphasized that, unlike the single Georgia-focused transaction with the Nevada plaintiff in that case, a defendant's "transactions or interactions with the plaintiff or other[s]" from the forum are jurisdictionally relevant where they are, as here, "intertwined with" the defendant's contacts with the forum State itself because they are aimed at procuring actions in the forum state. *Id.* at 1123. The Court distinguished these types of contacts from the "random, fortuitous, or attenuated" (and therefore jurisdictionally irrelevant) contacts a defendant makes with a state solely by interacting with persons who happen to be from that state. *Id.*

---

[1] Moreover, GEMSA recently retained counsel in California to prosecute three of its patent infringement actions – brought against California companies Alibaba.com, Inc., Ebay, Inc., and Alibaba Group Holding, Ltd., Inc. – that were transferred here. *See* Notices of Appearance filed Sept. 5, 2017 in Case Nos. 3:17-cv-02177-WHA (Dkt. Nos. 122, 123); 3:17-cv-02178-WHA (Dkt. Nos. 93, 94); and 3:17-cv-02435-WHA (Dkt. Nos. 82, 83). As this Court has recognized, a defendant's "ongoing participation" in litigation in the forum "undercuts any argument that subjecting it to suit in [another case] would fail to 'comport with fair play and substantial justice.'" *In re Optical Disk Drive Antitrust Litig.*, No. 10-MD-02143-RS, 2015 WL 1926635, at *2 (N.D. Cal. Apr. 28, 2015).

But perhaps even more significant is the fact that GEMSA obtained the injunction as part of a course of conduct explicitly aimed at suppressing a Californian's speech about litigation involving California companies such as Airbnb that is of interest to readers in the Northern District and throughout California.  In other cases decided after *Walden*, this Court has held that this kind of purposeful direction at the forum suffices to establish personal jurisdiction.  *See, e.g.*, *Mountz, Inc. v. Ne. Indus. Bolting & Torque, LLC*, No. 15-CV-04538-MEJ, 2016 WL 6699295, at *4-5 (N.D. Cal. Sept. 30, 2016), *adopted by* 016 WL 6679548 (N.D. Cal. Nov. 14, 2016) (defendant's sending of correspondence regarding "a project explicitly located in California" and making threats to "specifically go after" the California plaintiff's customers, some of whom were in California, sufficed); *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 748 (N.D. Cal. 2015) (James, Mag. J.) (defendants expressly aimed their actions at California by signing an agreement that "may impact California's market for irritant projectiles").

Moreover, GEMSA "knew or should have known the brunt of the harm was likely to be suffered [by EFF] in California."  *Mountz, Inc.*, 2016 WL 6699295, at *5.  On this point, *Abrahamson v. Berkley*, 2016 WL 8673060 (E.D. Cal. Sept. 2, 2016), is instructive.  There, the Texas-based defendants allegedly made false statements to the FBI, in Texas, about the plaintiff, a California resident.  *Id.* at *9.  The California court found personal jurisdiction existed because the allegedly false representations "were expressly aimed at California" because the resulting FBI investigation would of necessity have involved "the investigation of [the plaintiff] in California, the possible extradition of [the plaintiff] from California to Texas, and a search of [the plaintiff's] property in California."  *Id.*  Applying that analysis here leads to a similar conclusion.  Although GEMSA filed its litigation in Australia, personal jurisdiction exists because enforcement of the Australian injunction against EFF would necessarily require California court action, as California is the place where EFF's employees reside and work, is the only place where EFF has assets, and is the place where EFF would have to undertake the actions required to comply with the injunction.

## II.    GEMSA Was Properly Served With Process

EFF's service of process on GEMSA comports with the Hague Convention and Australian law.  As this Court recognized in its August 28 Order, Australia is a party to the Hague Convention.

1   That convention allows for service to be effected either through formal diplomatic channels or,

2   alternatively, "by a method prescribed by the internal law" of the recipient country, including by

3   use of a private process server. *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 878 (N.D.

4   Cal. 2012); *Witt v. TFS Surgical (US), Inc.*, No. CV 16-1042 (JRT/BRT), 2017 WL 3267734, at *3

5   (D. Minn. July 12, 2017), *adopted by* No. CV 16-1042 (JRT/BRT), 2017 WL 3267706 (July 31,

6   2017); *DFSB Kollective Co. v. Tran*, No. 11-CV-01049-LHK, 2011 WL 6730678, at *6 (N.D. Cal.

7   Dec. 21, 2011); Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

8   art. 15, 20 U.S.T. 361, T.I.A.S. No. 6638, Nov. 15, 1965.[2]  Accordingly, so long as the private

9   process server EFF used complied with Australian law, service of process was effectuated properly.

10      Australian law governing service on companies allows for process to be served by, among

11   other methods, "leaving it at, or posting it to, the company's registered office." *Witt*, 2017 WL

12   3267734, at *3 (quoting section 109X of Australia's Corporations Act 2001).[3]  Under Australian

13   law, there is no requirement that service of process on a company be accepted by any individual at

14   the company's registered office.  Australian courts have held that service is valid even when the

15   process is left at the office when no one is there.  *See, e.g.*, *Career Training on Line Pty Ltd v BES

16   Training Solutions Pty Ltd* (2010) NSWSC 460 (New South Wales Supreme Court held service was

17   proper where process was slipped under the locked office door); *Nutri-Care Ltd. v ACN 080 633

18   754 Pty Ltd.* (2009) SASC 72 (South Australia Supreme Court held service was proper where

19   process was inserted into a mail slot at the company's closed office at 8:15 p.m.).  As one court

20   explained, "once service in a prescribed mode is proved, a proceeding cannot be challenged on the

21   basis that the document did not actually come to the attention of the company," and "where service

22   is effected by leaving the document at the company's registered office in accordance with

23

24   [2] *See also Serving a legal document across international borders*, Australian Attorney-General's Dep't,
    https://www.ag.gov.au/Internationalrelations/PrivateInternationalLaw/Pages/ServingaLegalDocume
25   ntAcrossInternationalBorders.aspx (last visited Sept. 11, 2017).

26   [3] EFF's process server also cited to Section 9 of the Service and Execution of Process Act 1992
    ("SEPA").  Whether one Act applies to the exclusion of the other is of no moment here; the two
27   Acts identically allow for service of process on a company by "leaving it at, or posting it to, the
    company's registered office."  *See* SEPA § 9(1), *available at* http://www6.austlii.edu.au/cgi-
28   bin/viewdoc/au/legis/cth/consol_act/saeopa1992325/s9.html.

4

[Corporations Act] s 109X(1)(a), it makes no difference whether the document is left within or outside normal business hours or within or outside the hours at which that office is kept open." *Woodgate v Garard Pty Ltd.* (2010) NSWSC 508.

Applying that law here demonstrates that EFF's service on GEMSA was proper.  The process server went to GEMSA's registered office and left the documents on the reception counter, notifying the receptionist and Mobin that he was serving process upon GEMSA.  Am. Aff. of Service Upon GEMSA ("Am. Aff.") ¶¶ 3-6, June 30, 2017 (Dkt. No. 12).  Although Mobin did not accept process on behalf of GEMSA, the law does not require that *anybody* at the registered office accept the process on GEMSA's behalf.  It would be counterintuitive to permit a company to evade service by having a person, who need never be consulted about the issue in the first place, utter the words "I don't accept service."  Indeed, a federal district court in Minnesota that was presented with analogous facts reached this conclusion.  The court in *Witt* found that service in Australia was valid where, as here, the recipient expressly refused service.  2017 WL 3267734, at *3-4 (service was proper under Corporations Act provision for service by "delivering a copy of the document personally to a director of the company who resides in Australia" where director refused to accept service and process server therefore laid the process at the director's feet and announced he was being served).[4]  *See also* Affidavit of Paul Svilans (Sept. 12, 2017) submitted herewith (swearing to propriety of EFF's service of process on GEMSA under Australian law).

## CONCLUSION

EFF has properly served GEMSA and this Court has personal jurisdiction over GEMSA.  Should the court disagree that service of process has been effectuated, EFF respectfully requests that the Court deny the Motion for Default Judgment without prejudice to refiling it, so that EFF can re-serve GEMSA.[5]

---

[4] It also makes no difference that Mobin is an accountant with United Accountants Group and is not (at least not apparently) affiliated with GEMSA.  GEMSA's official, registered office is listed as that of "United Accountants Group Pty Ltd," Am. Aff. Ex. A at 1, and Mobin acknowledged that the office was the registered office for GEMSA, Am. Aff. ¶ 6.

[5] There is no time limit for service of foreign corporations under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(m); *id.* Advisory Committee Notes (2016 Amendment).

DATED:  September 12, 2017          Respectfully submitted by:


_____*s/ Ashley I. Kissinger*_____
Ashley I. Kissinger (No. 193693)
email: akissinger@lskslaw.com
Matthew E. Kelley (*pro hac vice*)
Email: mekelley@lskslaw.com
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1888 Sherman Street, Suite 370
Denver, CO  80203
Phone: (303) 376-2400
Fax: (303) 376-2401


Duffy Carolan (No. 154988)
email: dcarolan@jassyvick.com
Kevin Vick (No. 220738)
email: kvick@jassyvick.com
JASSY VICK CAROLAN
601 Montgomery Street, Suite 850
San Francisco, CA  94111
Phone: (415) 539-3399
Fax: (415) 539-3394

*Attorneys for Plaintiff*
*Electronic Frontier Foundation*

EFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. 3:17-CV-02053-MEJ

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT with the

Clerk of the Court using the CM/ECF electronic filing system.  I further certify that I caused a true

and correct copy to be served via First Class Mail upon the following:

Global Equity Management (SA) Pty Ltd.
c/o United Accountants Group Pty Ltd
458 Morphett Rd.
Warradale, SA 5046
            Australia


                                        /s/ *Matthew E. Kelley*
                                        Matthew E. Kelley